AUSA Kevin Mulcahy 313-226-9713
Special Agent Andrew P. Donohue 313-226-3101

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Eastern District of Michigan

United States of America
v.

UDEAN FORBES-PAYTON

Case: 2:14-mj-30201
Judge: Unassigned,
Filed: 04-28-2014 At 09:35 AM
RE: UDEAN FORBES-PAYTON (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 2006 to May 2011__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 29 U.S.C. sec. 501(c) | Embezzlement and Theft of Labor Union Assets in the Private Sector |
| 29 U.S.C. sec. 439(c) | Falsification, Concealment or Destruction of Financial Records Required to be kept by Labor Unions in the Private Sector |

This criminal complaint is based on these facts:
See attached affidavit.

FILED
APR 28 2014
CLERK'S OFFICE
DETROIT

☑ Continued on the attached sheet.

_____
Complainant's signature

U.S. DOL-OIG/OLRFI Special Agent Andrew P. Donohue
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/28/14

City and state: Detroit, Michigan

_____
MONA K. MAJZOUB Judge's signature

United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Andrew P. Donohue, being duly sworn, depose and state as follows:

1. I am a Special Agent with the U.S. Department of Labor, Office of Inspector General, Office of Labor Racketeering and Fraud Investigations (DOL-OIG/OLRFI), and was previously employed as a Senior Investigator with the U.S. Department of Labor, Office of Labor Management-Standards (DOL-OLMS). I was employed with the DOL-OLMS from September 2006 to February 2013. I have been employed by the DOL/OIG/OLRFI since February 2013. I am presently assigned to the Detroit Field Office. During my employment with DOL-OLMS and DOL-OIG/OLRFI I have conducted numerous investigations concerning violations under Title 29 and Title 18 of the United States Criminal Code.

2. By virtue of my current and former position, I have developed a broad knowledge base on the operation and administration of labor organizations. I regularly interface with individuals in the American labor movement as part of my job and have become familiar with the nature, structure, parliamentary procedure, and operation of labor unions. I have spent considerable time reviewing the labor organizations'

1

governing documents (constitutions, bylaws, meeting minutes, executive board resolutions), financial records, and other business documentation maintained in the course of business as a part of my job. I have received departmental training specific to union record keeping, union reporting requirements, union operation, and the history of the American labor movement.

3. As a result of my personal participation in this investigation since March 2012, I believe probable cause exists to show that Udean Forbes-Payton has committed the following offenses: Embezzlement of Union Assets, in violation of 29 U.S.C. § 501(c); False Entries in Records Required to be Maintained, in violation of 29 U.S.C. § 439(c).

4. This affidavit is being submitted in support of the Government's application for the issuance of a criminal complaint.

5. The information set forth in this affidavit is for the limited purpose of establishing probable cause for securing a criminal complaint. Therefore, it does not include all the information collected during this investigation. I have set forth only the facts that I believe are necessary to establish probable cause of violations of 29 U.S.C. § 501(c) and § 439(c), which have been committed by Forbes-Payton.

6. The information contained in this affidavit is based on information relayed to me by government agents, interviews and testimony of various witnesses, review of records obtained during this investigation, and my personal knowledge.

**Probable Cause of Union Embezzlement and False Union Records**

7. The Labor-Management Reporting and Disclosure Act of 1959, as amended (LMRDA), grants certain rights to union members and protects their interests by promoting democratic procedures within labor organizations (aka Unions). The LMRDA establishes, among other things, reporting and record keeping requirements for labor organizations as well as criminal penalties for the embezzlement or theft of union monies, funds, securities, or other assets.

8. The Office of Labor-Management Standards (OLMS) of the U.S. Department of Labor administers and enforces most provisions of the LMRDA. Unions subject to the LMRDA must file annual financial reports (Form LM-2, LM-3, or LM-4) with OLMS each year. Additionally, unions are required to maintain records on the matters required to be reported for five years after filing such reports.

9. Auto Workers (UAW) Local 2500 is a labor organization that primarily represents employees of Blue Cross Blue Shield of Michigan (BCBSM),

3

a private company, located in or around Detroit, MI. Local 2500 exists for the purpose of dealing with BCBSM concerning grievances, labor disputes, wages, rates of pay, and other conditions of employment. UAW Local 2500 currently represents approximately 905 BCBSM Employees. Local 2500 has, and traditionally has had, a collective bargaining agreement in place with BCBSM.

10. UAW Local 2500 voluntarily files annual LM-2 reports with OLMS. Local 2500's LM-2 reports reflect Forbes-Payton as the financial secretary/treasurer (FST) from about 2007 to about 2011.

11. UAW Local 2500 is governed by the UAW International Constitution and the UAW Local 2500 bylaws. Local 2500 bylaws dated February 2005, were in effect during the extent of Forbes-Payton's administration. Article 7 of the UAW Local 2500 bylaws indicates that the FST is an elected officer. Article 8 of the Local 2500 Bylaws also indicates that the FST sits on the union's executive board. Based on my training and experience, I know that a union's executive board makes policy and financial decisions on behalf of the union membership and individuals who sit thereon are considered officers of the organization.

12. The Local 2500 bylaws establish, in writing, the compensation rates for Local 2500 officers, including the FST. Specifically, Article 14, Section

4

5a of the bylaws state, in part:

> *Financial Secretary – Not less than the top of automatic progression of Salary Grade 14 plus six (6) hours of overtime per week. The Local Union shall pay the difference between the Financial Secretary salary and the salary amount paid by BCBSM.*

13. On or about September 17, 2012, OLMS obtained financial records from UAW Local 2500, including union payment records called "vouchers" and cancelled checks drawn on the union's bank accounts pursuant to an administrative subpoena. Review of the union records disclosed that officer payroll vouchers had each individual's BCBSM paystub attached to substantiate entries on the face of the voucher. Review of Forbes-Payton's payroll vouchers showed what appeared to be her signature on the face of the document.

14. On May 15, 2013, SA Donohue and OLMS Inv. Matthew Perry interviewed Local 2500 Financial Secretary-Treasurer Janice Dean. Dean confirmed that FST is an officer of Local 2500 and that the FST's salary has been reduced to writing in the union's bylaws. Dean stated that the FST's union compensation is directly proportionate to the amount of

5

wages received from BCBSM. That is to say, the more money the FST receives from BCBSM, the less the money they receive from the union and vice versa. To receive payment, union officers were required to fill out and maintain union records called "vouchers" that detailed their BCBSM wages and the corresponding amount owed to them by the union. Union officers were required to affix copies of their BCBSM paystubs to the union vouchers to substantiate their union compensation. The FST is responsible for maintaining and receiving union vouchers and preparing union payroll checks.

15. OLMS Inv. Perry compared Forbes-Payton's actual BCBSM wages from her pay stubs with the BCBSM wages reflected on her union payroll vouchers and found inconsistencies. Inv. Perry determined that on about 38 occasions, Forbes-Payton's voucher's reflected an incorrect amount of wages received from BCBSM. Inv. Perry found that between December 2006 and May 2011, Forbes-Payton's voucher's underreported her BCBSM wages by $5,562.02, which resulted in an apparent overcompensation from the union in the corresponding amount.

16. On February 19, 2014, SA Donohue and Inv. Perry interviewed Forbes-Payton. Forbes-Payton confirmed that she was the financial secretary of Local 2500 from about December 2006 to about 2011. The financial

6

secretary is the chief financial officer of Local 2500 and responsible for maintaining and reviewing union vouchers and preparing union payroll checks drawn on the union's bank account. Forbes-Payton confirmed that she prepared and signed her own payroll vouchers. Forbes-Payton stated that she required all other union officers to submit copies of their BCBSM paystubs with their vouchers before she prepared their payroll checks. However, Forbes-Payton stated that she did not hold herself to the same standard. Instead, Forbes-Payton wrote an approximation of her BCBSM wages on her union vouchers based on what she anticipated receiving during that pay cycle. Forbes-Payton affixed her paystub to the voucher at a later time, but never checked to ensure that her compensation was accurate. As a result, her vouchers were inaccurate. Forbes-Payton acknowledged that she knew the vouchers were false at the time that they were created and that she had a responsibility to maintain accurate records. Forbes-Payton reviewed her compensation with SA Donohue and Inv. Perry and acknowledged that she owed the union money and stated that she would be willing to pay the union back. However, Forbes-Payton maintained that the additional income she received was not a willful intentional act, but rather the incidental result of her false vouchers. Forbes-Payton acknowledged that the

7

inconsistencies occurred about 38 times and maintained that she never once checked to make certain that her compensation was accurate. Forbes-Payton signed a written statement acknowledging a violation of 29 USC § 439(c), but denying culpability with respect to 29 USC § 501(c).

### CONCLUSION

17. Based on the above information, the affiant believes that probable cause exists that felony violations of Title 29, United States Code, Sections 501(c) and 439(c), have been committed by Udean Payton-Forbes.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge.

_____
Andrew P. Donohue, Special Agent, U.S. DOL OIG/OLRFI

*[signature]* 4/28/14

**Mona K. Majzoub**
U.S. Magistrate Judge

8